# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY MARAGLINO, Booking #12533188,<br><br>                            Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                            Defendants. | Civil No.   15cv0199 WQH (MDD)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF Doc. No. 5]** |

On January 29, 2015, Dorothy Maraglino ("Plaintiff"), a pretrial detainee at Los Colinas Detention Facility ("LCDF") in Santee, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff claimed the County of San Diego and County Sheriff's Department officials denied her constitutional rights by implementing a policy change for detainees classified as "protective custody (PC)/administrative segregation (Ad-Seg)" "without notice" in November 2014, and that as a result, she was deprived of "court-approved contact visits with her minor child." *See* Compl. at 3, 6-7. She sought declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. *Id.* at 8-9.

/ / /

/ / /

On February 5, 2015, the Court dismissed Plaintiff's case without prejudice because she failed to either prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2). Plaintiff was granted forty-five (45) days leave, however, in which to pay the filing fee in full, or to submit a Motion to Proceed IFP, which "include[d] a certified copy of her trust account statement for the 6-month period preceding the filing of her Complaint" as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b). (Id. at 3. Plaintiff was also cautioned that if she elected to proceed IFP, she would nevertheless remain obligated to pay the entire filing fee in "increments," *id.* at 2 (citing 28 U.S.C. § 1915(b)(1) & (2)); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015)), and her Complaint would be subject to a sua sponte screening, and potential dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) if it was found frivolous or malicious, if it failed to state a claim, or if it sought damages from immune defendants. *Id.* at 3 & n.3.

On February 18, 2015, Plaintiff filed a First Amended Complaint adding several defendants and causes of action, as a matter of course pursuant to FED.R.CIV.P. 15(a). (ECF No. 4); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). At the same time, she filed a Motion to Proceed IFP. (ECF No. 5). In her IFP Motion, Plaintiff claims she is still a pre-trial detainee, and she seeks a "fee waiver" because she is unemployed. (*Id.* at 1.)

**I.    Motion to Proceed IFP**

As Plaintiff was informed on February 5, 2015, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application

/ / /
/ / /
/ / /
/ / /

for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the plaintiff is a prisoner at the time of filing, even if she is granted leave to proceed IFP, her filing fees are not "waived." Instead, she may be permitted to commence suit, but remains obligated by statute to pay the entire fee in "increments," *see Williams*, 775 F.3d at 1185, regardless of whether her case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners who seek leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

While Plaintiff has now filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), she has not attached a certified copy of her LCDF trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of her original Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of initial filing fee which is statutorily required to initiate the prosecution of her civil case. *See* 28 U.S.C. § 1915(b)(1).

## II. Conclusion and Order

For these reasons, IT IS ORDERED that:

(1) Plaintiff's Motion for Leave to Proceed IFP (ECF Doc. No. 5) is DENIED and this action remains DISMISSED without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2) Plaintiff is GRANTED an additional thirty (30) days from the date of this Order in which to re-open her case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which must include a certified copy of her trust account statement for the 6-month period preceding the filing of her original Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[2]

---

[2] Plaintiff is once again cautioned that if she chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, her First Amended Complaint (ECF Doc. No. 4) will be screened before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether she pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or

1       (3)    The Clerk of the Court is DIRECTED to provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for her use and convenience should she wish to further prosecute this matter. However, if Plaintiff neither pays the $400 filing fee in full or sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of her trust account statement within 30 days*, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

DATED: April 10, 2015

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge

---

employee of a governmental entity.").