1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    DOROTHY MARAGLINO,                      Civil No.     15-cv-0199 WQH (MDD)
      Booking #12533188,
12
                                              **ORDER:**
                            Plaintiff,
13
                                              **1)  GRANTING MOTION TO
14                                            REOPEN CASE AND TO
                                              PROCEED *IN FORMA PAUPERIS*
15                                            PURSUANT TO
                                              28 U.S.C. § 1915(a)
16             vs.                            [ECF No. 7]**

17                                            **2)  DENYING MOTION TO
                                              APPOINT COUNSEL
18                                            [ECF No. 9]**

19    COUNTY OF SAN DIEGO, et al.,            **AND**

20                                            **3)  GRANTING MOTION
                                              REQUESTING ISSUANCE OF
21                                            SUMMONS AND DIRECTING U.S.
                                              MARSHAL TO EFFECT SERVICE
22                          Defendants.       OF FIRST AMENDED
                                              COMPLAINT PURSUANT TO
23                                            28 U.S.C. § 1915(d) AND
                                              FED. R. CIV. P. 4(c)(3)
24                                            [ECF No. 11]**

25    HAYES, Judge:

26          Currently before the Court is a First Amended Complaint ("FAC") filed by

27    Dorothy Maraglino ("Plaintiff"), a pretrial detainee at Las Colinas Detention and Re-

28    Entry Facility ("LCDF") in Santee, California. Plaintiff is proceeding pro se pursuant to

42 U.S.C. § 1983 (ECF No. 4). Also pending are Plaintiff's Motion to Re-open Case (ECF Doc. No. 7), Motion to Appoint Counsel (ECF No. 9), and a Motion Requesting Issuance of Summons and U.S. Marshal Service (ECF No. 11).

## I.     Procedural History

In her original Complaint, Plaintiff claimed the County of San Diego, San Diego County Sheriff William D. Gore, Assistant Sheriff Rich Miller, Sheriff's Department Commander Edna Milloy, and Sheriff's Department Deputy St. Nicolas, denied her constitutional rights by implementing a policy change for detainees classified as "protective custody (PC)/administrative segregation (Ad-Seg)" "without notice" in November 2014. Plaintiff claimed that as a result, she was deprived of "court-approved contact visits with her minor child." *See* Compl. (ECF No. 1) at 3, 6-7. She sought declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. *Id.* at 8-9.

On February 5, 2015, the Court dismissed Plaintiff's case without prejudice because she failed to either prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Plaintiff was granted leave in which to pay the filing fee in full, or to submit a Motion to Proceed IFP, which "include[d] a certified copy of her trust account statement for the 6-month period preceding the filing of her Complaint" as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b). *Id.* at 3. Plaintiff was also cautioned that if she elected to proceed IFP, she would nevertheless remain obligated to pay the entire filing fee in "increments," *id.* at 2, *citing* 28 U.S.C. § 1915(b)(1) & (2); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and her Complaint would be subject to a sua sponte screening, and potential dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) if it was found frivolous or malicious, if it failed to state a claim, or if it sought damages from immune defendants. *Id.* at 3 & n.3.

/ / /

/ / /

On February 18, 2015, Plaintiff filed a First Amended Complaint ("FAC") alleging new claims, naming all the previously named Defendants, except Deputy St. Nicolas,[1] and adding two additional Defendants, Susan Fiske, and Brian Patterson, both identified as Sheriff's Department Detectives. *See* FAC (ECF No. 4) at 1, 7. At the same time, she filed a Motion to Proceed IFP (ECF No. 5).

On April 10, 2015, the Court denied Plaintiff's IFP Motion, because it failed to include a certified copy of her trust account statement at LCDF as she was informed was required by 28 U.S.C. § 1915(a)(2) (ECF No. 6). However, Plaintiff was granted an additional 30 days leave in which to submit that accounting. *See id.* at 5.

On June 30, 2015, Plaintiff submitted a letter to the Court, claiming she never received a copy of the Court's April 10, 2015 Order, and requesting that the Court reopen her case and "approve [her] IFP" based on the trust account statements she attached to her letter. *See* ECF No. 7 (filed as a "Motion to Re-Open Case"); *see also Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (noting "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

The Court now GRANTS Plaintiff's Motion to Re-Open, DENIES her later-filed Motion to Appoint Counsel (ECF No. 9), and GRANTS her Motion Requesting the Issuance of Summons and U.S. Marshal Service (ECF No. 11), for the reasons explained below, an in conjunction with mandatory screening of her FAC as is now required by both 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar

---

[1] Plaintiff's FAC was filed "as a matter of course" pursuant to Rule 15 because she had not previously amended and no Defendant has yet to be served. *See* FED. R. CIV. P. 15(a)(1). "[A]n amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, because Plaintiff's FAC does not name Deputy St. Nicolas as a Defendant, he is no longer a proper party to this case. *Id.* (citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

## II.     Motion to "Re-Open Case" and to Proceed IFP

As Plaintiff was informed on both February 5, 2015, and again on April 10, 2015, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite the plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

As Plaintiff is also aware, if she is a prisoner at the time of filing, and even if she is granted leave to proceed IFP, her filing fees are not "waived." Instead, she may be permitted to commence suit, but will remain obligated by statute to pay the entire fee in "increments," *see Williams*, 775 F.3d at 1185, regardless of whether her case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners who seek leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Now attached to Plaintiff's Motion to Re-Open her case is a certified copy of her LCDF trust account statements for the 6-month period immediately preceding the filing of her original Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Plaintiff's statements show she had an average monthly balance of $57.96, average monthly deposits of $83.33, and an available balance of $32.33 at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Re-Open the Case and to Proceed IFP (ECF No. 7), and assesses her initial partial filing fee to be $16.66 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Watch Commander at LCDF, or his or her designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

## III.   Motion to Appoint Counsel

Plaintiff has also filed a motion requesting the appointment of counsel to assist her because she is indigent, in custody, has limited access to legal resources, and because she claims an eventual trial will involve conflicting testimony better presented by a trained attorney. *See* ECF No. 9 at 1.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court DENIES Plaintiff's motion without prejudice because, as discussed below, it appears Plaintiff is currently capable of articulating the factual basis of her claims, and the likelihood of success on the merits is not at all yet clear. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**IV.    Screening of FAC per 28 U.S.C. § 1915(e)(2) and § 1915A(b)**

**A.    Standard of Review**

As Plaintiff is aware, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court

1    must sua sponte dismiss complaints, or any portions thereof, which are frivolous,

2    malicious, fail to state a claim, or which seek damages from defendants who are immune.

3    *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621

4    F.3d at 1004.

5         All complaints must contain "a short and plain statement of the claim showing that

6    the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are

7    not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8    mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9    (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

10    a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

11    the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

12    possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*

13    *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

14         "When there are well-pleaded factual allegations, a court should assume their

15    veracity, and then determine whether they plausibly give rise to an entitlement to relief."

16    *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen

17    determining whether a complaint states a claim, a court must accept as true all allegations

18    of material fact and must construe those facts in the light most favorable to the

19    plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

20    § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

21         In addition, the court "ha[s] an obligation where the petitioner is pro se,

22    particularly in civil rights cases, to construe the pleadings liberally and to afford the

23    petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

24    2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it

25    may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

26    *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

27    / / /

28    **B.**     **Plaintiff's Allegations**

1    In her FAC, Plaintiff alleges the County of San Diego, Sheriff Gore, Assistant

2   Sheriff Miller, Captain Milloy and Sheriff's Department Detectives Fiske and Patterson,

3   violated her Eighth and Fourteenth Amendment rights in various ways since she was first

4   arrested and taken into the Sheriff's Department custody in May 2012.[3] While in custody,

5   Plaintiff claims generally that all Defendants "adopted," "implemented," and applied

6   "policies and practices" with regard to the management of the County's jails with

7   "reckless indifference" to her constitutional rights. *See* FAC at 5-6, 13. Specifically,

8   Plaintiff alleges Defendants committed acts of "sexual harassment," solicited her to

9   commit "illegal" acts including perjury, refused to call paramedics after she "consumed

10  approximately 20 oz. of caustic cleaning solution," denied her dental, orthopedic, and

11  neurological care, shackled her while she was pregnant, denied her access to

12  "correspondence classes," censored "legal communication" with her appointed counsel,

13  and "denied [a] court approved contact visit" with her minor child. *Id.* at 7-13.

14    Based on these allegations, the Court finds Plaintiff's Amended Complaint

15  sufficient to survive the "low threshold" for proceeding past the sua sponte screening

16  required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d

17  1113, 1123 (9th Cir. 2012); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

18  690 (1978); *Clouthier*, 591 F.3d at 1249-51 (explaining different bases upon which a

19  plaintiff may allege municipal liability under § 1983).

20  / / /

21

22

23    [3]  While Plaintiff invokes the Eighth Amendment, *see* FAC at 4, 13, she also
    alleges to be a pretrial detainee. *Id.* at 4. Only claims arising "after conviction and
24  sentence" are subject to Eighth Amendment scrutiny. *Graham v. Conner*, 490 U.S. 386,
    393 & n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 (1977)). While a
25  pre-trial detainee's § 1983 claims arise under the due process clause of the Fourteenth
    Amendment rather than the Eighth Amendment's prohibition against cruel and unusual
26  punishment, *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Redman v. County of San
    Diego*, 942 F.2d 1435, 1440 & n.7 (9th Cir. 1991), a pre-trial detainee's due process
27  rights are "at least as great" as the Eighth Amendment protections available to convicted
    prisoners. *Maddox v. Los Angeles*, 792 F.2d 1408, 1414 (9th Cir. 1986); *see also
28  Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010) (applying
    "deliberate indifference" standard to due process claims against county facility officials
    alleged to have failed to address the medical needs of a pretrial detainee).

Accordingly, the Court will direct the U.S. Marshal to effect service of Plaintiff's FAC on her behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**V. Conclusion and Order**

In summary, the Court:

(1) **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 9);

(2) **GRANTS** Plaintiff's Motion to Reopen Case and for Leave to Proceed IFP (ECF No. 7);

(3) **DIRECTS** the Watch Commander at LCDF, or his/her designee, to collect from Plaintiff's trust account the $16.66 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

(4) **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, Las Colinas Detention & Reentry Facility, 451 Riverview Parkway, Santee, California, 92071;

(5) **GRANTS** Plaintiff's Motion Requesting Issuance and Service of Summons and U.S. Marshal Service (ECF No. 11);

(6) **DIRECTS** the Clerk to terminate Deputy St. NICHOLS as a party to this matter, issue a summons as to Plaintiff's First Amended Complaint (ECF No. 4) upon the remaining Defendants COUNTY OF SAN DIEGO, WILLIAM D. GORE, RICH MILLER, EDNA MILLOY, SUSAN FISKE, and BRIAN PATTERSON, and forward

it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of this Order, a certified copy of her First Amended Complaint (ECF No. 4), and the summons so that she may serve each of the Defendants named on the summons;

(7)   **ORDERS** Plaintiff, once she receives this "IFP Package," to complete the USM Form 285s as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package;

(8)   **ORDERS** the U.S. Marshal to thereafter serve a copy of Plaintiff's First Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

(9)   **ORDERS** Defendants to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

(10)   **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document filed was served on Defendants, or counsel for Defendants, and the date of that

service. Any paper received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

   **IT IS SO ORDERED**.

DATED:  October 20, 2015

**WILLIAM Q. HAYES**
United States District Judge