# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY MARAGLINO,<br><br>  Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br><br>  Defendant. | CASE NO. 15cv199-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 34) issued by United States Magistrate Judge Mitchell D. Dembin, recommending that the Court grant in part and deny in part Defendant's Motion to Dismiss (ECF No. 20).

## I. Procedural Background

On January 29, 2015, Plaintiff commenced this action by filing the Complaint. (ECF No. 1). On February 18, 2015, Plaintiff filed the first amended complaint ("FAC"). (ECF No. 4). Plaintiff names the County of San Diego ("County"), San Diego County Sheriff William D. Gore, San Diego County Assistant Sheriff ("Asst. Sheriff") Rich Miller, San Diego County Sheriff Captain ("Capt.") Edna Milloy, and San Diego County Sheriff's Detectives Susan Fiske and Brian Patterson in their official and individual capacities ("Defendants"). (ECF No. 4 at 5-7 ¶¶ 4-9). Plaintiff sets forth multiple claims that her constitutional rights were violated when San Diego Sheriff's Department ("SDSD") personnel allegedly: (1) sexually harassed her; (2) solicited her to perform an illegal act; (3) solicited her to commit perjury; (4) behaved

inappropriately towards her; (5) interfered with her medical care; (6) denied her medical and dental care; (7) improperly shackled her while she was pregnant; (8) injured her through improper shackling; (9) denied her educational opportunities; (10) read and censored her legal mail; (11) denied her access to legal and pro per resources; (12) and denied her contact visits with her minor child. (ECF No. 4 at 8-13). Plaintiff additionally alleges that SDSD has a general practice of implementing policies which violate her constitutional rights. *Id.* Plaintiff seeks: (1) injunctive and declaratory relief; (2) nominal, compensatory and punitive damages; (3) costs and reasonable fees; (4) pre- and post-judgment interest; and (5) other "just and equitable" relief. *Id.* at 14-15.

On November 25, 2015, Defendants filed a Motion to Dismiss the FAC. (ECF No. 20). Plaintiff sought three extensions of time to file an opposition and the Court extended her time to respond from December 21, 2015, to March 30, 2016. (ECF Nos. 21, 23, 24, 26, 27, 30, 31). Nevertheless, the docket reflects that Plaintiff did not file an opposition. On May 5, 2016, United States Magistrate Judge Dembin issued a Report and Recommendation on Defendants' Motion to Dismiss. (ECF No. 34).

On June 27, 2016, Plaintiff filed a "Memorandum of Points and Authorities in Support of Opposition to Motion to Dismiss Complaint." (ECF No. 40). The Court construes this document as Plaintiff's objections to the Report and Recommendation. On August 5, 2016, Defendants filed a reply to Plaintiff's objections. (ECF No. 41). Defendants do not object to any portions of the Report and Recommendation.

**II. Allegations of the Complaint**

In her first claim, Plaintiff alleges that Defendant Fiske sexually harassed her during Plaintiff's post-arrest questioning and booking on May 10, 2012. (ECF No. 4 at 8 ¶¶ 17-19). Plaintiff alleges that, "[w]hile the Plaintiff was undressed, photographed, had hairs pulled, fingerprinted, and other forensic procedures performed, Defendant Fiske made lewd, condescending, humiliating and highly embarrassing comments of a sexual nature." *Id.* ¶ 19.

In her second claim, Plaintiff alleges that on April 15, 2012, Defendant Patterson solicited her to commit an illegal act during the execution of a search warrant at Plaintiff's home. *Id.* ¶¶ 20-21. Plaintiff alleges that Patterson asked her to question a suspect who was represented by an attorney and in custody. *Id.* ¶ 21.

In her third claim, Plaintiff alleges that on April 17, 2012, Defendant Patterson solicited her to commit perjury. *Id.* ¶¶ 22- 26. Plaintiff alleges that Patterson asked her to say she saw a suspect in custody at a particular time and place. *Id.* ¶ 24. Plaintiff alleges that Patterson threatened to make Plaintiff a suspect if she refused to comply and, when she refused, she was arrested as a conspirator. *Id.* ¶¶ 25-26.

In her fourth claim, Plaintiff alleges that on May 10, 2012, Defendant Patterson and his unnamed partner transported her to Las Colinas Detention Facility ("LCDF"). *Id.* ¶ 27. Plaintiff alleges that Patterson "made highly inappropriate comments . . . and passed [] [her] a pair of handcuffs to secure herself." *Id.* ¶ 28.

In her fifth claim, Plaintiff alleges that during the week of October 27, 2012, she drank cleaning fluid. *Id.* ¶ 29. Plaintiff alleges that unnamed jail staff "elected to neglect" to alert paramedics, resulting in a three hour delay in receiving treatment and gastric damage. *Id.* ¶¶ 30-31. Plaintiff alleges that a "USMC" physician thought it best to admit Plaintiff into care and began the process but SDSD Deputies Casey and Storrs, who are not named as defendants, were able to have Plaintiff released into SDSD care. *Id.* ¶¶ 32-34.

In her sixth claim, Plaintiff alleges that in June 2012, she requested dental procedures "required by law for pregnant inmates," which were denied because Plaintiff was not yet sentenced. *Id.* ¶¶ 35-36. Plaintiff further alleges that in June 2013, a staff physician wrote her two medical referrals, but unnamed SDSD staff refused to take her. *Id.* ¶¶ 37-38.

In her seventh claim, Plaintiff alleges that in the weeks between May 15 and July 31, 2012, she was shackled while pregnant during transport to court appearances in violation of California law. *Id.* ¶¶ 39-40. Plaintiff alleges that during the week of May

15, 2012, this improper shackling resulted in her falling, but she was stopped before hitting the ground by a court deputy and her attorney. *Id.* ¶ 41.

In her eighth claim, Plaintiff alleges that on December 11, 2014, an unnamed SDSD transportation corporal secured her shackles too tightly and told her to "hurry up," resulting in scratches on Plaintiff's wrists and swollen and discolored ankles. *Id.* ¶¶ 42-45. Plaintiff states that her injuries were treated by SDSD medical staff. *Id.* ¶ 46.

In her ninth claim, Plaintiff alleges that she was denied the ability to participate in a correspondence paralegal class, thereby violating her constitutional right to an education. *Id.* ¶¶ 47-48. Plaintiff alleges the denial was the result of a postcard-only policy which restricted the type of mail inmates could receive. *Id.* ¶¶ 48-49. Plaintiff states she filed a tort claim requesting the County pay for her education, but the claim was denied as untimely. *Id.* ¶¶ 50-51.

In her tenth claim, Plaintiff alleges that in late 2014 she noticed that unnamed SDSD staff were censoring legal communications between her and her assigned attorney, and were censoring items she wished to take to legal visits. *Id.* at 12 ¶¶ 53-54. Plaintiff alleges she filed grievances that included allegations that unnamed SDSD personnel were reading her legal communications to her attorney. *Id.* ¶ 56. Plaintiff states that in September 2014 Sergeant Masterson, who is not named as a defendant, responded to her grievances and informed her that jail staff were entitled to inspect inmate legal mail to verify its contents. *Id.* ¶ 57. Plaintiff alleges that the "State Board of Standards" verified that the practice is illegal but SDSD refused to change it. *Id.* ¶ 59.

In her eleventh claim, Plaintiff alleges that although she has representation in her criminal case, she is actively pursuing a few pro per civil cases. *Id.* ¶ 60. Plaintiff states that she has been repeatedly denied access to pro per legal resources. *Id.* ¶ 61.

In her twelfth claim, Plaintiff alleges that she was permitted by the court to have contact visits with her minor child beginning in April 2013. *Id.* at 13 ¶ 62. Plaintiff alleges that in December 2013 her visit was canceled because a new policy was

implemented that denied Administrative Segregation ("ADSEG") inmates contact visits. *Id.* ¶ 63. Plaintiff states that she filed numerous grievances which have not restored her visits. *Id.* ¶ 64.

In her thirteenth claim, Plaintiff alleges that SDSD repeatedly adopts and implements policies that violate the Eighth and Fourteenth Amendment rights of inmates. *Id.* ¶¶ 65-67. Plaintiff alleges that Defendants' actions and inactions caused and will continue to cause her injury and are motivated by ill-intent and committed with reckless indifference to Plaintiff's rights. *Id.* ¶¶ 68-69.

**III. Standard of Review**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Court reviews the Report and Recommendation, the written opinion of the ALJ, the administrative record, and the submissions of the parties.

**III. Discussion**

**A. Defendant Milloy–Official Capacity**

Plaintiff contends that the claims against Defendant Milloy, sued in her official capacity, should not be dismissed because Milloy "write[s] and implement[s] policies and procedures at LCDF and [is] responsible for the safety of the individuals incarcerated there." (ECF No. 40 at 11).

Naming an official in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Hyland v. Wonder*, 117 F.3d 405, 414 (9th Cir.). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Id.* (internal quotation marks omitted). "[A] plaintiff may show that, rather than being the product of general official policy, on a given occasion the conduct was the result of a deliberate choice . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fuller v. City of Oakland*, Cal., 47 F.3d 1522, 1534 (9th Cir. 1995). A plaintiff may also show "that an official policymaker either delegated policymaking authority to a subordinate or ratified a subordinate's decision, approving the decision and the basis for it." *Id.* (internal quotation marks omitted)

Plaintiff alleges that Defendant Milloy is responsible for "the implementation of all policies . . . ." (ECF No. 4 ¶ 7). The Magistrate Judge correctly concluded that the Complaint does not allege sufficient facts to bring a claim against Defendant Milloy for purposes of municipal liability under § 1983 as an official policymaker. The Court grants Defendant's Motion to Dismiss Defendant Milloy in her official capacity with leave to amend.

**B. Defendants Gore, Miller, and Milloy–Individual Capacity**

Plaintiff contends that Defendants Gore, Miller, and Milloy, sued in their individual capacities, should not be dismissed because they were personally involved in the alleged violations. (ECF No. 40 at 11-13).

Individual liability in a § 1983 action attaches only if the plaintiff can show the defendant personally participated in the constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory officials cannot be held liable for the actions of their subordinates under § 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Vague or conclusory allegations of supervisory misconduct are

insufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)

The Magistrate Judge correctly determined that "Plaintiff makes no allegation that Sheriff Gore, Asst. Sheriff Miller or Capt. Milloy were personally involved in, present during or knew of the alleged violations." The Court dismisses Defendants Gore, Miller, and Milloy, sued in their individual capacities, without prejudice.

**C. Claims Against Defendants Fiske and Patterson**

Plaintiff contends that the allegations against Defendants Fiske and Patterson in the FAC are sufficient to state a claim. (ECF No. 40 at 15-17). Plaintiff contends that Patterson's behavior "shocks the conscience." *Id*. at 16.

"[U]nlawful police interrogation techniques might give rise to a substantive due process claim under the Fourteenth Amendment." *Stoot v. City of Everett*, 582 F.3d 910, 923 (9th Cir. 2009). However, the standard for demonstrating a substantive due process violation under the Fourteenth Amendment is high. *Id*. Only the most egregious official misconduct will be found to violate due process. *Cnty. of Sacramento v. Lewis*, 520 U.S. 833, 846 (1998). "[P]olice torture or other abuse" exemplifies the level of misconduct necessary to trigger the Fourteenth Amendment. *Chavez v. Martinez*, 538 U.S. 760, 773 (2003). A due process claim involving police misconduct during questioning is only cognizable if the official misconduct "shocks the conscience" or otherwise "violates the decencies of civilized conduct." *Lewis*, 520 U.S. at 846.

The Magistrate Judge correctly found that Plaintiff has not alleged sufficient facts to state a claim for sexual harassment or a claim for official misconduct. The claims against Defendants Fiske and Patterson are dismissed with leave to amend.

**D. Injunctive Relief**

Plaintiff contends that although she is no longer incarcerated at LCDF, injunctive relief is still appropriate because she may be transported back to LCDF and then she would be subjected to the same unconstitutional policies. (ECF No. 40 at 18).

The Magistrate Judge correctly recommended that Defendants' Motion to Dismiss be granted because Plaintiff is no longer in the custody of the SDSD and,

therefore, injunctive relief from the allegedly unconstitutional SDSD policies and practices no longer present a live controversy.

### E. Use of Shackles on December 11, 2014

The Magistrate Judge concluded that Plaintiff could not state a claim for denial of medical care in regards to the injuries caused by the use of shackles on December 11, 2014 because she did not allege that she was not provided with adequate treatment. The Magistrate Judge recommended that the Court dismiss Plaintiff's claim for injuries arising from being shackled on December 11, 2914 without leave to amend.

In her objection, Plaintiff contends that she is bringing an "excessive force" claim and that the her claim must be decided "based on the nature of the force, rather than the extent of the injuries." (ECF No. 40 at 19-20).

Jail officials can shackle inmates for security reasons during transport and when the inmate is otherwise out of her cell. *LeMaire v. Maas*, 12 F.3d 1444, 1457 (9th Cir. 1993). To the extent that Plaintiff alleges that Defendants used excessive force when shackling her, Plaintiff's allegations are insufficient to state a claim. The Court grants Defendants' Motion to Dismiss Plaintiff's claim with leave to amend.

### F. Medical Claims

Plaintiff contends that she has alleged sufficient facts to establish claims for medical indifference when she was denied dental cleaning while pregnant, not given adequate medical care when she ingested "caustic cleaning solution," and not taken to an orthopedist and neurologist.

"Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, [the Court] appl[ies] the same standards." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Bell*, 441 U.S. at 535 n.16 and Redman, 942 F.2d at 1441).

Prison authorities have a responsibility to provide for an inmate's medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  In the worst instance, a failure to do so may cause an inmate to suffer serious physical injury or death, or in a less serious scenario, pain serving no "penological purpose," thereby violating the Eighth Amendment. *Id.* at 103. However, medical malpractice, negligence or a prison accident does not rise to the level of a constitutional violation.  *Id.* at 105; *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (overruled on other grounds).  The test is "whether the officials exhibited deliberate indifference." *McGuckin*, 974 F.2d at 1059 (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)) (internal quotations omitted).

To meet the deliberate indifference standard on an Eighth Amendment claim, a plaintiff must satisfy two prongs: one objective and one subjective.  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  To satisfy the objective prong, a plaintiff must show that she has a serious medical need. *Id.*  A serious medical need is shown if a failure to provide adequate treatment results in wanton or unnecessary infliction of pain. *McGuckin*, 974 F.2d at 1059.  To satisfy the subjective prong, a plaintiff must show the prison official was deliberately indifferent to her needs. *Colwell*, 763 F.3d at 1066.  This means the official knew of an excessive risk to the inmate's health and safety and then consciously disregarded it to the inmate's harm. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  The official must have been aware of facts or factual circumstances that would allow him to draw the inference that a substantial risk of serious harm to the inmate's health and safety exists, and he must also draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

The Magistrate Judge correctly found,

> Because Plaintiff does not name the individuals who were involved as Defendants, her claim must be dismissed . . . . Although Plaintiff does not name a proper defendant for this claim, an inmate poisoning herself objectively constitutes a serious medical need. Plaintiff claims that staff "elected to neglect" to immediately alert paramedics causing a three hour denial of treatment. (ECF No. 4 at 9 ¶¶ 30-31).  The use of the word "elected" connotes that the delay in calling paramedics was the result of a conscious decision on the part of LCDF personnel rather than mere

> negligence. Plaintiff's use of the word "elected" also plausibly suggests that jail officials knew that she drank cleaning fluid, knew that it posed an excessive risk to Plaintiff's health and safety and then consciously chose to not call paramedics for three hours resulting in gastric damage. Plaintiff has stated a claim for deliberate indifference.

(ECF No. 34 at 31). The Magistrate Judge correctly concluded that Plaintiff has not alleged any injury resulted from the denial of her dental procedures or medical referrals. The Court grants Defendants' Motion to Dismiss with leave to amend.

### G. Denial of Education

Plaintiff contends that she was denied educational opportunities when the County refused to pay $499 for her paralegal course. There is no constitutional right to education in prison. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The Court dismisses Plaintiff's claim for denial of education be granted without leave to amend.

### H. Denial of Legal Resources

Plaintiff contends that she was denied access to legal resources while housed at LCDF. (ECF No. 40 at 26-27). An inmate's right of access to the courts is grounded in the Fourteenth Amendment. *Sands v. Lewis*, 886 F.2d 1166, 1168 (9th Cir. 1989). In *Lewis*, the Supreme Court instituted an actual injury requirement on prisoners alleging interference with their access to the courts. *Lewis*, 518 U.S. at 354. Actual injury must be alleged for any access to the courts claim because it is a jurisdictional requirement giving the plaintiff standing to bring suit. *Nevada Dep't. of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). A prisoner cannot satisfy the injury requirement with "any type" of injury. *Id.* A plaintiff pleading denial of access to the courts must allege interference with a direct criminal appeal, habeas corpus petition or civil rights action. *Lewis*, 518 U.S. at 354-56.

The Magistrate Judge correctly concluded that,

> Plaintiff alleges interference with "active" civil cases, but fails to specify the causes of action. Absent additional information, the Court cannot determine whether this claim refers to a habeas corpus petition or civil rights action that would fall within Lewis's actual injury requirement. The Court cannot provide the missing allegations. *Ivey*, 673 F.2d at 268. Plaintiff fails to meet the actual injury requirement under Lewis and her

claim therefore fails.

(ECF No. 34 at 37-38). The Court grants Defendants' Motion to Dismiss Plaintiff's claims of denial of access to pro per resources, law library, and computer with leave to amend.

**I. Denial of Court Approved Contact Visits**

Plaintiff contends that she missed a contact visit with her minor child because she was placed in administrative segregation for non-disciplinary reasons.

Pre-trial detainees and other prisoners do not have an absolute constitutional right to contact visits. *Block v. Rutherford*, 468 U.S. 576, 588 (1984). "The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (internal citation and quotations omitted).

The Magistrate Judge correctly determined that Plaintiff's claim fails as a matter of law because she has no constitutional right to contact visits while incarcerated. *See Block*, 468 U.S. at 588. The Court grants Defendants' Motion to Dismiss without leave to amend.

**III. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 34) is adopted in part and not adopted in part. With respect to Plaintiff's claims against Captain Milloy in her official capacity, the Motion to Dismiss is granted without prejudice. With respect to Plaintiff's eight claim of improper shackling on December 11, 2014, the Motion to Dismiss is granted, with leave to amend. Defendant's Motion to Dismiss (ECF No. 20) is granted in part and denied in part as follows:

- Sheriff Gore in his individual capacity, without prejudice;
- Asst. Sheriff Miller in his individual capacity, without prejudice;
- Capt. Milloy in her official, without prejudice;
- Capt. Milloy in her individual capacity, without prejudice;

- Detective Fiske in her official and individual capacities, without prejudice;
- Detective Patterson in his official and individual capacities, without prejudice;
- Plaintiff's first claim of sexual harassment against Detective Fiske, with leave to amend;
- Plaintiff's second claim of soliciting an illegal act against Detective Patterson, with leave to amend;
- Plaintiff's third claim of soliciting perjury against Detective Patterson, with leave to amend;
- Plaintiff's fourth claim of inappropriate behavior against Detective Patterson, with leave to amend;
- Plaintiff's fifth claim of medical interference arising out of her drinking the cleaning fluid, with leave to amend;
- Plaintiff's sixth claim of denial of medical and dental care, with leave to amend;
- Plaintiff's seventh claim of improper shackling while pregnant, with leave to amend;
- Plaintiff's eighth claim of improper shackling on December 11, 2014, with leave to amend;
- Plaintiff's ninth claim of denial of education, without leave to amend;
- Plaintiff's Due Process claim arising from the postcard-only mail policy, with leave to amend;
- Plaintiff's tenth claim of denial of Due Process arising from the scanning policy, with leave to amend;
- Plaintiff's eleventh claim of denial of access to pro per resources, law library and computer, with leave to amend;
- Plaintiff's twelfth claim of denial of court approved contact visits, without leave to amend;

- Plaintiff's thirteenth claim of generally unconstitutional policies and practices implemented by SDSD, with leave to amend; and
- Plaintiff's claims for injunctive and declaratory relief, with prejudice and without leave to amend.

IT IS FURTHER ORDERED that the following claims remain pending:

- Plaintiff's ninth claim against the County of San Diego, Sheriff Gore and Asst. Sheriff Miller in their official capacities for violation of her First Amendment rights arising from the postcard-only policy;
- Plaintiff's tenth claim against the County of San Diego, Sheriff Gore and Asst. Sheriff Miller in their official capacities for violation of her Sixth Amendment rights arising from the scanning policy; and
- Plaintiff's claim for monetary damages arising out of the pending claims.

No later than **sixty (60) days** from the date of this Order, Plaintiff may file a second amended complaint.

DATED: August 30, 2016

**WILLIAM Q. HAYES**
United States District Judge